CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

FRANCISCO BASURTO, on behalf of himself :     Case No.18CV9393
and others similarly situated, :
                                     :
                     Plaintiff, :     **FLSA COLLECTIVE**
                                       :     **ACTION COMPLAINT**
   -against- :
                                       :
CHONG QING XIAO MIAN INC. d/b/a CHONG :     **Jury Trial**
QING NOODLE HOUSE, CHONG QING XIAO :     **Demanded**
MIAN I, INC. d/b/a CHONG QING NOODLE HOUSE, :
LINA WANG, and XIU LAN HUANG, :
                                       :
                     Defendants. :

--------------------------------------------------------------------X

      Plaintiff, FRANCISCO BASURTO ("Plaintiff"), on behalf of himself and other

similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants CHONG QING XIAO MIAN

INC. d/b/a CHONG QING NOODLE HOUSE ("CHONG QING NOODLE HOUSE"),

CHONG QING XIAO MIAN I, INC. d/b/a CHONG QING NOODLE HOUSE

("CHONG QING NOODLE HOUSE I"), (collectively, the "Corporate Defendants"),

LINA WANG, and XIU LAN HUANG (collectively, the "Individual Defendants") (the

Corporate Defendants and the Individual Defendants are collectively referred to herein as

the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day his work shift exceeded ten (10) hours, (d) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of New York County, New York.

6.      Defendant, CHONG QING NOODLE HOUSE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 796 Ninth Avenue, New York, New York 10019.

7.     Defendant, CHONG QING NOODLE HOUSE I, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 796 Ninth Avenue, New York, New York 10019.

8.     The Corporate Defendants own and operate a Chinese restaurant known as "Chong Qing Noodle House," located at 796 Ninth Avenue, New York, New York (the "Restaurant").

9.     The Individual Defendants are joint owners, shareholders, officers, directors, supervisors, managing agents, and proprietors of each of the Corporate Defendants, who actively participate in the day-to-day operation of the Restaurant and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

10.     The Individual Defendants jointly exercised control over the terms and conditions of Plaintiff's employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) create and maintain employment records.

11.     At all times relevant to the allegations herein, the Corporate Defendants, either jointly or individually were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for

commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

12.    Defendants employed Plaintiff to work as a non-exempt food preparer/kitchen worker, dishwasher, and food delivery worker for Defendants' Chinese restaurant known as "Chong Qing Noodle House," located at 796 Ninth Avenue, New York, New York from in or about July 2017 through on or about September 16, 2018.

13.    The work performed by Plaintiff was and is directly essential to the business operated by Defendants.

14.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

15.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16.    Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

17.    Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18.    At all times relevant hereto, Defendants' primary business was and is the sale of food and drinks for consumption.

19.    The Corporate Defendants constitutes a "restaurant" within the meaning of the New York Labor Law.

4

20.     The Individual Defendants actively participate in the day-to-day operation of the Restaurant.  For instance, each of the Individual Defendants jointly make decisions as to the hiring and firing of employees, jointly supervise and direct the work of the employees, jointly instruct the employees how to perform their jobs, and jointly correct and/or reprimand the employees for any errors made.

21.     The Individual Defendants also jointly create and implement all business policies and makes all crucial business decisions, including those concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

22.     The Corporate Defendants are associated as a single enterprise, utilizing Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

23.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit. The Corporate Defendants share Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same plan or scheme, and are themselves under common control.

24.     The Corporate Defendants are controlled by the same owner, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

25.    In or about July 2017, Defendants hired Plaintiff to work as a non-exempt food preparer/kitchen worker, dishwasher, and food delivery worker at the Restaurant.

26.    Neither at the time of hire, nor at any time thereafter, did Defendants provide Plaintiff with a written wage notice identifying Plaintiff's regular hourly rate of pay and corresponding overtime rate of pay.

27.    Plaintiff work for Defendants in those capacities until on or about September 16, 2018.

28.    Plaintiff worked over forty (40) hours per week.

29.    Throughout the entirety of his employment, Plaintiff worked between five (5) and seven (7) days per week, and his work schedule consisted of twelve (12) hours per day from 11:00 a.m. until 11:00 p.m.

30.    Plaintiff was not required to punch a time clock or other time-recording device at the beginning and end of his daily work shift.

31.    From the beginning of his employment and continuing through in or about February 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $70 per day ($350 - $490 per week) straight time for all hours worked, and worked between sixty (60) and eighty-four (84) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.    Beginning in or about March 2018 and continuing through the remainder of his employment on or about September 17, 2018, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $80 per day ($400 - $560 per week) straight time for all hours worked,

6

and worked between sixty (60) and eighty-four (84) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.     At no time during his employment did Defendants provide Plaintiff with a weekly wage statement when paying him his cash wages, which explained Plaintiff's gross wages, deductions, and net wages.

34.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that Defendants were taking a "tip credit," (ii) failed to provide proper wage statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, and (iv) caused their tipped employees to engage in non-tipped worked that exceeded 20% of their work shift, thereby rendering the "tip credit" inapplicable.

35.     Defendants knowingly and willfully operate their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

36.     Defendants knowingly and willfully operate their businesses with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

7

37. Defendants knowingly and willfully operate their businesses with a policy of not paying Plaintiff and other similarly situated employees a "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

38. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between October 15, 2015 and the close of the opt-in period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

40. The collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits

that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

41.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

42.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

43.     A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

44.     Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

a.   Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

b.   Whether Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

c.   What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

d.   Whether Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.   Whether Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

45.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

46.   Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

47.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "46" of this Complaint as if fully set forth herein.

48.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

50.     Upon information and belief, at all times relevant to the allegations herein, the Corporate Defendants, either jointly or separately, have had gross revenues in excess of $500,000.

51.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

52.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

53.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

54.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

55.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

56.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

58.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

12

59.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

60.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

61.     Due to Defendants' reckless, willful and unlawful acts, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

62.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

63.     Plaintiff re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

65.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

66.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

67.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the

13

spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

68. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

69. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

70. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

71. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

72. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

73. Neither at the time of his hiring, nor at any time thereafter, did Defendants notify Plaintiff of his rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

74. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime

14

compensation, and unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

75.     Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

### PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff FRANCISCO BASURTO, on behalf of himself and all similarly situated Collective Action Members, respectfully request that this Court grant the following relief:

(a)     An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)     An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)     An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premiums pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
October 15, 2018

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
Giustino (Justin) Cilenti (GC2321)

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Francisco Basurto , am an employee currently or formerly employed by Chong Qing Xiao Mian , and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_____9-24_____ , 2018